[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15694
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20365-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACQUES K. PIERRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 8, 2015)

Before TJOFLAT, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

In 2011 a jury found Jacques K. Pierre guilty of several drug offenses.  His sentencing guidelines range was 292- to 365-months imprisonment, which was calculated from a base offense level of 36.  The district court departed downward because of Pierre's advanced age and sentenced him to only 180-months imprisonment.  In 2014 the United States Sentencing Commission amended the Sentencing Guidelines in a way that would have given Pierre a base offense level of 34 instead of 36.  Pierre moved to reduce his sentence based on that amendment.  The district court denied the motion because Pierre's original sentence was already below the amended guideline range.  We affirm.

I

A court may modify a defendant's term of imprisonment if a guidelines amendment lowered the sentencing range applicable to him after he was sentenced. 18 U.S.C. § 3582(c)(2); United States Sentencing Guideline § 1B1.10(a)(1), (d). Amendment 782 retroactively lowered the base offense level for many drug offenses by revising the drug quantity tables.  USSG app. C, amend. 782.  The relevant quantity table when Pierre was originally sentenced gave him a base offense level of 36 because he was responsible for more than 50 but less than 150 kilograms of cocaine.  The revised table would now give a level of 34 for that same quantity range.  Compare USSG § 2D1.1(c)(2) (2011), with USSG § 2D1.1(c)(3) (2014).  That, in turn, would lower Pierre's sentencing range from 292–365 months

2

to 235–293 months, which would seem to permit the district court to reduce his sentence.  See § 1B1.10(a), (d).

But the guidelines do not allow this for Pierre.  Section 1B1.10, which governs sentence reductions, contains a caveat.  It prohibits a court from "reduc[ing] the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ."  § 1B1.10(b)(2)(A) (emphasis added).  This caveat prevented the district court from reducing Pierre's sentence, because his original term of 180 months is already "less than the minimum of [his] amended guideline range," i.e., 235 months.  If Pierre's reduced sentence can result in a term of no less than 235 months, see id., then his original 180-month sentence left no room for a reduction.

If is true that this caveat itself contains a caveat.  It applies "[e]xcept as provided in subdivision (B)."  Id.  That is to say, a court may reduce a sentence "to a term that is less than the minimum of the amended guideline range" if subdivision (B) is satisfied.  Subdivision (B) permits a court to reduce a defendant's sentence, even to a term below the amended guideline range, if the defendant was originally given a below-guidelines sentence for giving substantial assistance to the government.  Id. § 1B1.10(b)(2)(B) ("If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government

3

motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate." (emphasis added)); see also United States v. Glover, 686 F.3d 1203, 1207 (11th Cir. 2012) ("[A] district court may lower a defendant's sentence below the amended guidelines range only if the original sentence was below the original guidelines range because the defendant provided substantial assistance to the government."). Alas, this caveat-to-the-caveat does not help Pierre. While he was originally given a below-guideline sentence, the departure was based on his age, not on substantial assistance.

Pierre offers a rejoinder. He points out that subdivision (B) was itself recently amended, see USSG app. C, amend. 759, and in its previous iteration it would have permitted a reduction in his sentence. The old version of subdivision (B) broadly permitted reductions below the amended guideline range if the defendant was originally given a below-guidelines sentence. It did not limit that permission (as it now does) only to defendants who originally earned below-guideline sentences for giving substantial assistance. Below-guideline sentences of all kinds were eligible for reductions below the amended guideline range. See USSG § 1B1.10(b)(2)(B) (2010) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the

4

amended guideline range . . . may be appropriate."); see also Glover, 686 F.3d at 1207 (under the old version of subdivision (B), a court could "lower a defendant's prison sentence below the amended guidelines range if the original sentence was, for any reason, below the original guidelines range." (emphasis added)).

The problem with this argument is that the old version of subdivision (B) is just that: an old version that courts can no longer apply when considering sentence reductions. Courts "shall use the version of [§ 1B1.10] that is in effect on the date on which the court reduces the defendant's term of imprisonment." § 1B1.10 cmt. n.8 (2014). The current version of subdivision (B) is the one courts must apply, and it prohibits reducing a sentence below the amended guideline range except when the defendant was originally given a below-guideline sentence for substantial assistance. That excludes Pierre.

## II

Nevertheless, Pierre makes five separate arguments about why the old, favorable version of subdivision (B) should have applied to his resentencing, despite the contrary instruction in the guidelines commentary, see id.

*First*, he argues that applying the new version of subdivision (B) to his conduct violated the Ex Post Facto Clause, U.S. Const. art. I, § 9, cl. 3 & § 10, cl. 1, because his conduct occurred before the new version went into effect.

5

*Second*, he says the amendment to subdivision (B) is invalid because it exceeds the Sentencing Commission's authority under 28 U.S.C. § 994.

We have already rejected these precise arguments, and our precedent binds us. United States v. Colon, 707 F.3d 1255, 1258–59 (11th Cir. 2013) ("[T]here is no ex post facto problem [with the amendment to subdivision (B)]."); id. at 1260 ("The Commission did not exceed its statutory authority under 28 U.S.C. § 994 when it amended § 1B1.10(b)(2) to limit, as it did, a court's discretion to lower a sentence below the amended guidelines range.").

*Third*, Pierre contends that our case law requires all original sentencing determinations to remain the same at resentencing. If all original determinations must remain the same, then it follows, he insists, that he should have been resentenced below the amended guideline range to the same extent that his original sentence was below the original guideline range. It is true that sentence reductions are not de novo resentencings, and all original sentencing determinations remain unchanged with the sole exception of the amended guideline range. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). But in Colon we explained that the current version of subdivision (B) does not override any earlier sentencing decisions and only limits the court's discretion to make new decisions. See 707 F.3d at 1260. The cases Pierre cites to the contrary were decided under the old version of subdivision (B), and therefore do not apply today.

6

*Fourth*, Pierre argues that under the law of the case doctrine, the court should have applied the same variance and resentenced him below the amended guideline range.  But the law of the case doctrine did not apply because controlling authority foreclosed the district court from considering Pierre's original departure for resentencing.  See United States v. Escobar-Urrego, 110 F.3d 1556, 1561 (11th Cir. 1997) (explaining that under the law of the case doctrine, a legal decision "establishes the 'law of the case' and must be followed in all subsequent proceedings in the same case in the trial court or on a later appeal in the appellate court, unless . . . controlling authority has since made a contrary decision of the law applicable to such issues" (emphasis added) (quotation omitted)); see also § 1B1.10(b)(2)(A) ("[T]he court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . .").

*Fifth*, Pierre asserts that the Double Jeopardy Clause, U.S. Const. amend. V, cl. 2, has the same effect as the law-of-the-case doctrine: it requires the district court to resentence him below the amended guideline range.  Pierre raises this argument for the first time on appeal, so we review it only for plain error.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (per curiam).[1]  There was

---

[1] To show plain error, a defendant must show that "there is: (1) error, (2) that is plain, and (3) that affects substantial rights."  Moreno, 421 F.3d at 1220 (quotation omitted).  If all three

7

no plain error because no binding decision has ever held that the Double Jeopardy

Clause requires a resentencing court to reduce a sentence below the amended

guideline range.  See United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th

Cir. 2003) (per curiam) ("[T]here can be no plain error where there is no precedent

from the Supreme Court or this Court directly resolving [the issue].").

   **AFFIRMED.**

---

conditions are met, we may exercise our discretion to afford relief if the error seriously affects
the fairness, integrity, or public reputation of judicial proceedings.  Id.